## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREGORY FIRMIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BOSTON, MASSACHUSETTS; | ) | CIVIL ACTION NO. |
| BOSTON POLICE DEPARTMENT; MARTIN J. | ) | |
| WALSH, MAYOR; OFFICER CARL NEMES, | ) | |
| OFFICER WILLIAM ROBERTSON, AND | ) | |
| OFFICER CHARLES KELLER, | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT AND JURY CLAIM

## INTRODUCTION

1.     This is a civil rights action against Police Officers Carl Nemes ("Nemes"), William

Robertson ("Robertson"), Charles Keller ("Keller"), individually and against The City of

Boston Police Department and the City of Boston. The Plaintiff, Gregory Firmin ("Mr.

Firmin"), sustained injuries when he was unlawfully arrested and subjected to excessive

force when stopped by Boston Police Department Officers. On the night of December 1,

2017, Mr. Firmin was driving on Blue Hill Avenue in Boston when he was stopped by

Boston Police at the corner of Talbot Avenue. Numerous police vehicles suddenly blocked

his way and ordered him to get out of the car. After getting out of his car, the officers threw

Mr. Firmin to the ground and stomped on his neck. He was placed in handcuffs and the

police immediately began searching his entire car. As a result of the officers' brutal

physical assault, Mr. Firmin suffered significant injury of body and mind, including a

broken bone in his neck.

2.      The Defendants Nemes, Robertson, and Keller arrived at the scene after Boston Police received an anonymous call identifying Mr. Firmin's vehicle and stating he was in possession of a firearm. The officers at the scene stopped Mr. Firmin's car, ordered him out of the car, forced him to the ground violently, stomped on his neck, searched Mr. Firmin's entire vehicle without a warrant and could not locate a firearm or any weapon in the car. The officers radioed and asked for the reporting individual to make themselves known, when Police Dispatch called this person they refused and stated they did not want to file a police report. Boston Police Department now contends that they no longer have the phone number of this individual.

## JURISDICTION

3.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. § 1331 and § 1343 provide federal question jurisdiction over all federal claims, and 28 U.S.C. § 1367 provides supplemental jurisdiction over state law claims.

## PARTIES

4.      Plaintiff Gregory Firmin is a Citizen of the United States and of the Commonwealth of Massachusetts.

5.      Defendant Carl Nemes is a natural person and resident of the Commonwealth of Massachusetts.  At all times alleged in this complaint, the City of Boston employed Carl Nemes as a police officer of the Boston Police Department.

6.      Defendant William Robertson is a natural person and resident of the Commonwealth of Massachusetts.  At all times alleged in this complaint, the City of Boston employed William Robertson as a police officer of the Boston Police Department.

7.  Defendant Charles Keller is a natural person and resident of the Commonwealth of Massachusetts. At all times alleged in this complaint, the City of Boston employed Charles Keller as a police officer of the Boston Police Department.

8.  All of the individual defendants were, at all times referred to in this complaint, acting in their official capacities.

9.  All of the individual defendants were, at all times referred to in this complaint, acting as employees, agents and servants of the City of Boston.

10. All of the individual defendants were, at all times referred to in this complaint acting under color of state law.

11. All of the individual defendants are sued individually and in their official capacities.

12. Defendant City of Boston is a municipal corporation located in Suffolk County, Commonwealth of Massachusetts, and was at all times relevant to this complaint, the public employer of defendants Nemes, Robertson, and Keller.

13. Defendant City of Boston Police Department is the law enforcement agency of the City of Boston, and was at all times relevant to this complaint, the public employer of defendants Nemes, Robertson, and Keller.

## FACTS

14. On December 1, 2017 around 11:30 PM, Gregory Firmin was driving home from work on Blue Hill Avenue in Boston. When he reached the intersection of Blue Hills Avenue and Talbot Avenue, he was pulled over by the Boston Police Department.

15. Boston Police Department Officers Nemes, Robertson and Keller stopped the vehicle after it was identified by an unknown caller to the Boston Police Department. The unknown caller alleged that the driver of the car had a gun.

16. Officers Nemes, Robertson and Keller ordered Gregory Firman out of the car,  arrested immediately arrested him  and forced him violently to the ground

17. The officers then searched his vehicle without having obtained a warrant.

18. Mr. Firmin was placed in handcuffs as the Officers searched through his vehicle

19. At least one of the officers placed his foot and body weight onto Mr. Firman's neck, shoulder and collarbone resulting in serious injuries.

20. During the course of the arrest Mr. Firmin suffered a fractured hyoid bone.

21. After searching the vehicle, the officers were unable to identify or find a firearm in the car.

22. The officers then released Mr. Firman and told him he could go home.

23. The caller that identified Mr. Firmin's vehicle never made themselves known nor filed a report.

## **COUNT 1**

### **42 U.S.C § 1983 Claim Against Officers for the Unreasonable Use of Force**

24. The above paragraphs are incorporated by reference.

25. Defendants Nemes, Robertson, and Keller, acting under of color of law, used unreasonable force against Plaintiff Gregory Firmin, depriving him of his clearly established right to be free from the use of unreasonable force by police officers under the Fourth Amendment to the United States Constitution as applied under the Fourteenth Amendment.

26. Defendants Nemes, Robertson, and Keller acted jointly and in concert.

27. Defendants Nemes, Robertson, and Keller acted with reckless disregard for Plaintiff's constitutional rights.

28. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

## COUNT 2

### 42 U.S.C. § 1983 Claim Against Officers for Unlawful Arrest

29.    The above paragraphs are incorporated by reference.

30.    Officers Nemes, Robertson, and Keller did not have probable cause to arrest Mr. Firmin.

31.    By the actions described above, the defendants deprived the plaintiff of the
       clearly established and well-settled right to be free from unreasonable seizures.

32.    The defendants' actions were taken with reckless disregard for plaintiff's constitutional
       rights.

33.    As a direct and proximate result of this conduct, the plaintiff suffered the injuries as
       described above.

## COUNT 3

### Massachusetts Civil Rights Act, M.G.L C.12, §11I, Against the Officers

34.    The above paragraphs are incorporated by reference.

35.    Officers Nemes, Robertson, and Keller violated the plaintiff's rights by threats,
       intimidation and coercion.

36.    As a direct and proximate result of this conduct, the plaintiff suffered the injuries as
       described above.

## COUNT 4

### Tort of Assault & Battery Against the Officers

37.    The above paragraphs are incorporated by reference.

38.    Officers Nemes, Robertson, and Keller committed the common law tort of
       assault and battery against the plaintiff.

39.   As a direct and proximate result of this conduct, the plaintiff suffered the injuries as described above.

## COUNT 5

### False Imprisonment Against Officers

40.   The above paragraphs are incorporated by reference.

41.   Officers Nemes, Robertson, and Keller committed the common law tort of false imprisonment by physically arresting Andrew without probable cause.

42.   As a direct and proximate result of this conduct, the plaintiff suffered the injuries as described above.

## COUNT 6

### Negligence Against the City of Boston and City of Boston Police

43.   The above paragraphs are incorporated by reference.

44.   On August 1, 2018, a notice pursuant to M.G.L. c.258, §4 was forwarded to the Mayor of the City of Boston.

45.   Plaintiff properly performed the conditions precedent to filing an action under M.G.L. c. 258.

46.   The City of Boston and City of Boston Police failed to make a settlement offer in response to plaintiff's demand.

47.   Officer Nemes, Officer Robertson, and Officer Keller were acting within the scope of their employment at all times alleged in this complaint.

48.   Employees of the City of Boston were negligent in:

   a)   failing to respond properly to an anonymous call reporting a firearm;

   b)   Ordering Mr. Firmin to leave his vehicle and forcing him violently to the ground and by putting their entire weight onto the neck of Mr. Firmin causing him serious injury;

c)   arresting Mr. Firmin without probable cause;

d)   failing to protect Mr. Firmin from the unreasonable use of force by Officer Nemes, Officer Robertson, and Officer Keller;

e)   failing to properly train Officer Nemes, Officer Robertson, and Officer Keller in, the use of force, and probable cause for arrests;

f)   failing to properly supervise Boston police officers including Officer Nemes, Officer Robertson, and Officer Keller; and

g)   failing to properly discipline Boston police officers including Officer Nemes, Officer Robertson, and Officer Keller thereby permitting and encouraging acts of misconduct against civilians.

49.   As a proximate cause of the City's negligence, the plaintiff suffered damages as described above.

**WHEREFORE**, the plaintiff requests that this court:

1.   Award compensatory damages;

2.   Award punitive damages against Officer Nemes, Officer Robertson, and Officer Keller;

3.   Award the costs of this action, including reasonable attorney's fees; and

4.   Award such other and further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

Dated: October 18, 2019

Respectfully Submitted,

On Behalf of the Plaintiff,
Gregory Firmin,

By his attorneys,

MITCHESON & LEE LLP


/s/ H. Luke Mitcheson
_____
H. Luke Mitcheson, BBO#: 676386
One State Street, Suite 1050
Boston, MA 02109
(617) 933-3880
luke@mitchesonlee.com

GLICKMAN LLC


/s/ Paul M. Glickman
_____
Paul M. Glickman, BBO #: 550840
One South Market Bldg, 4th Floor
Boston, MA 02109
(617) 399-7770
'pmg@glickmanllc.com