# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **GREGORY FIRMIN,**<br>    **Plaintiff,**<br><br>**v.**<br><br>**CITY OF BOSTON, MASSACHUSETTS,**<br>**BOSTON POLICE DEPARTMENT,**<br>**OFFICER CARL NEMES, and**<br>**OFFICER PAUL ROBERTSON**<br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) **C. A. NO. 1:19-CV-12158-ADB**<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND AMENDED
## COMPLAINT AND JURY CLAIM

## INTRODUCTION

1.    This is a civil rights action against Police Officers Carl Nemes ("Nemes") and Paul
      Robertson ("Robertson") individually and against The City of Boston Police Department
      and the City of Boston. The Plaintiff, Gregory Firmin ("Mr. Firmin"), sustained injuries
      when he was unlawfully arrested and subjected to excessive force when stopped by
      Boston Police Department Officers. On the night of December 1, 2017, Mr. Firmin was
      driving on Blue Hill Avenue in Boston when he was stopped by Boston Police at the
      corner of Talbot Avenue. Numerous police vehicles suddenly blocked his way and
      ordered him to get out of the car. After getting out of his car, the officers threw Mr. Firmin
      to the ground. At least one of the officers stomped on his neck causing serious injury. He
      was placed in handcuffs and the police immediately began searching his entire car. As a
      result of the brutal

physical assault, Mr. Firmin suffered significant injury of body and mind, including a broken bone in his neck.

2.   Defendants Nemes, Robertson, and other unknown Boston Police Officers (together referred to as the "Officers") arrived at the scene after Boston Police received an anonymous call identifying Mr. Firmin's vehicle and stating he was in possession of a firearm. The officers at the scene stopped Mr. Firmin's car, ordered him out of the car, forced him to the ground violently, one or more of whom stomped on his neck, searched Mr. Firmin's entire vehicle without a warrant but could not locate a firearm or any weapon in the car. At least one Boston Police Department employee radioed and asked for the reporting individual to make themselves known. When the police dispatch called this person they refused and stated they did not want to file a police report. Boston Police Department now contends that they no longer have the phone number of this individual.

## JURISDICTION

3.   This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. § 1331 and § 1343 provide federal question jurisdiction over all federal claims, and 28 U.S.C. § 1367 provides supplemental jurisdiction over state law claims.

## PARTIES

4.   Plaintiff Gregory Firmin is a citizen of the United States and of the Commonwealth of Massachusetts.

5.     Defendant Carl Nemes is a natural person and resident of the Commonwealth of Massachusetts. At all times alleged in this complaint, the City of Boston employed Carl Nemes as a police officer of the Boston Police Department.

6.     Defendant Paul Robertson is a natural person and resident of the Commonwealth of Massachusetts. At all times alleged in this complaint, the City of Boston employed Paul Robertson as a police officer of the Boston Police Department.

7.     All of the individual defendants were, at all times referred to in this complaint, acting in their official capacities.

8.     All of the individual defendants were, at all times referred to in this complaint, acting as employees, agents and servants of the City of Boston.

9.     All of the individual defendants were, at all times referred to in this complaint acting under color of state law.

10.    All of the individual defendants are sued individually and in their official capacities.

11.    Defendant City of Boston is a municipal corporation located in Suffolk County, Commonwealth of Massachusetts, and was at all times relevant to this complaint, the public employer of defendants Nemes, Robertson and the Officers present at the scene of the incident.

12.    Defendant City of Boston Police Department is the law enforcement agency of the City of Boston, and was at all times relevant to this complaint, the public employer of defendants Nemes, Robertson and the Officers.

## FACTS

13. On December 1, 2017 around 11:30 PM, Gregory Firmin was driving home from work on Blue Hill Avenue in Boston. When he reached the intersection of Blue Hills Avenue and Talbot Avenue, he was pulled over by the Boston Police Department.

14. Boston Police Department Officers Nemes, Robertson and other Officers and others stopped the vehicle after it was identified by an unknown caller to the Boston Police Department. The unknown caller alleged that the driver of the car had a gun.

15. Officers Nemes, Robertson and other unknown Boston Police Officers ordered Gregory Firmin out of the car, arrested immediately arrested him and forced him violently to the ground.

16. The officers then searched his vehicle without having obtained a warrant.

17. Mr. Firmin was placed in handcuffs as the Officers searched through his vehicle

18. At least one of the Officers placed his foot and body weight onto Mr. Firmin's neck, shoulder and collarbone resulting in serious injuries.

19. During the course of the arrest Mr. Firmin suffered a fractured hyoid bone.

20. After searching the vehicle, the Officers were unable to identify or find a firearm in the car.

21. The officers then released Mr. Firmin and told him he could go home.

22. The caller that identified Mr. Firmin's vehicle never made themselves known nor filed a report.

## COUNT 1

### 42 U.S.C. § 1983 Claim Against Officers for the Unreasonable Use of Force

23. The above paragraphs are incorporated by reference.

24. Defendants Nemes, Robertson and the Officers, acting under of color of law, used unreasonable force against Plaintiff Gregory Firmin, depriving him of his clearly established right to be free from the use of unreasonable force by police officers under the Fourth Amendment to the United States Constitution as applied under the Fourteenth Amendment.

25. Defendants Nemes, Robertson, and the Officers acted jointly and in concert.

26. Defendants Nemes, Robertson, and the Officers acted with reckless disregard for Plaintiff's constitutional rights.

27. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

## COUNT 2

**42** **42 U.S.C. § 1983 Claim Against Officers for Unlawful Arrest**

28. The above paragraphs are incorporated by reference.

29. Officers Nemes, Robertson, and the Officers did not have probable cause to arrest Mr. Firmin.

30. By thfirme actions described above, the defendants deprived the plaintiff of the clearly established and well-settled right to be free from unreasonable seizures.

31. The defendants' actions were taken with reckless disregard for plaintiff's constitutional rights. As a direct and proximate result of this conduct, the plaintiff suffered the injuries as described above.

## COUNT 3

## Massachusetts Civil Rights Act, M.G.L. c. 12, §11I, Against the Officers

32.    The above paragraphs are incorporated by reference.

33.    Officers Nemes, Robertson, and the Officers violated the plaintiff's rights by threats, intimidation and coercion.

34.    As a direct and proximate result of this conduct, the plaintiff suffered the injuries as

described above.

## COUNT 4

## Tort of Assault & Battery Against the Officers

35.    The above paragraphs are incorporated by reference.

36.    Officers Nemes, Robertson, and the Officers committed the common law tort of assault and battery against the plaintiff.

37.    As a direct and proximate result of this conduct, the plaintiff suffered the injuries as described above.

## COUNT 5

## False Imprisonment Against Officers

38.    The above paragraphs are incorporated by reference.

39.    Officers Nemes, Robertson, and the Officers committed the common law tort of false imprisonment by physically arresting plaintiff without probable cause.

40.    As a direct and proximate result of this conduct, the plaintiff suffered the injuries as described above.

## COUNT 6

### Negligence Against the City of Boston and City of Boston Police

41.   The above paragraphs are incorporated by reference.

42.   On August 1, 2018, a notice pursuant to M.G.L. c.258, §4 was forwarded to the Mayor of the City of Boston.

43.   Plaintiff properly performed the conditions precedent to filing an action under M.G.L. c. 258.

44.   The City of Boston and City of Boston Police failed to make a settlement offer in response to plaintiff's demand.

45.   Officer Nemes, Officer Robertson, and the Officers were acting within the scope of their employment at all times alleged in this complaint.

Employees of the City of Boston were negligent in:

   a)  failing to respond properly to an anonymous call reporting a firearm;

   b)  Ordering Mr. Firmin to leave his vehicle and forcing him violently to the ground and by

   c)  putting their entire weight onto the neck of Mr. Firmin causing him serious injury;

   d)  arresting Mr. Firmin without probable cause;

   e)  failing to protect Mr. Finnan from the unreasonable use of force the Officers;

   f)  failing to properly train the Officers in, the use of force, and probable cause for arrests;

   g)  failing to properly supervise the Officers.

48.   As a proximate cause of the City's negligence, the plaintiff suffered damages

as described above.

**WHEREFORE,** the plaintiff requests that this court:

1. Award compensatory damages;

2. Award punitive damages against Officer Nemes, Officer Robertson, and the unknown

   Officers;

3. Award the costs of this action, including reasonable attorney's fees; and

4. Award such other and further relief as this Court may deem necessary

   and appropriate.

### JURY DEMAND
Plaintiff demands a jury trial on all such triable issues.

Respectfully Submitted,
On Behalf of the Plaintiff,
Gregory Firmin,

By his attorneys,

_____
/s/ H. Luke Mitcheson,
 BBO#: 76386
MITCHESON & LEE LLP
One State Street, Suite 1050
Boston, MA 02109
(617) 933-3880
luke@mitchlee.com

_____
/s/ Paul M. Glickman FP373593
BBO#550840
GLICKMAN LLC
One South Market Bldg., 4th Floor
Boston, MA 02109
(617) 399-777
pmg@glickmanllc.com

Dated:  May 4, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on May 4, 2020 to John A. Fahey, Esq., Nieve Anjomi, Esq., City of Boston Law Department City Hall, Room 615, Boston, MA 02201.

/s/ Paul M. Glickman FP373593