**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO.1:19-12158-ADB**

| |
|---|
| **GREGORY FIRMIN,** <br>           **Plaintiff.** <br> **v.** <br><br> **CITY OF BOSTON, BOSTON POLICE DEPARTMENT, OFFICER CARL NEMES, and OFFICER PAUL ROBERTSON** <br>           **Defendants.** |

**DEFENDANT CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## I.   INTRODUCTION

Defendant, City of Boston (the "City"), respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to have this Honorable Court dismiss of the Plaintiff's Second Amended Complaint. In Counts 1 through 5, the Plaintiff has sued Officer Carl Nemes ("Nemes") and Officer Paul Robertson ("Robertson") in both their individual and their official capacities. The official capacity claims against the officers are claims against the City and should be dismissed for various reasons discussed within. Plaintiff's specifically names the City as a Defendant in Count 6 (for negligence) of his Second Amended Complaint. However, Plaintiff failed to present the claims contained within Count 6 in his presentment letter to the City, and as such, he is unable to bring them. Furthermore, the allegations are each barred under the exceptions identified in M.G.L. ch. 258 § 10.

## II.     FACTS AND BACKGROUND

This action is based on a police stop, conducted by the defendant police officers, which took place on December 1, 2017 at approximately 11:30 pm on Blue Hill Avenue in Boston. (See ECF No. 19 ¶¶ 13-15.)  Plaintiff alleges that during this stop the defendant police officers "immediately arrested him and forced him violently to the ground." (Id. at ¶ 15.)  Plaintiff further alleges that he was stopped based on an anonymous tip provided to police accusing him of having a gun in his vehicle. (Id. at ¶ 14.)

In the introduction to his Second Amended Complaint, Plaintiff alleges that this is a civil rights action and does not mention any negligence on the part of the City or its employees. (Id. at ¶ 1.)  Counts 1 and 2 are 42 U.S.C § 1983 claims against the individual officers for unreasonable use of force and wrongful arrest. (Id. at ¶¶ 23-31.)  Count 3 is a Massachusetts Civil Rights Act claim against the officers and Counts 4 and 5 are claims for the intentional torts of assault and battery and false imprisonment against the individual officers. (Id. at ¶¶ 32-40.)  The Plaintiff has sued Officer Nemes and Officer Robertson both "individually and in their official capacities." (Id. at ¶ 10.)  The only claim made directly against the City is a negligence claim based on eight separate allegations contained in Count 6. (Id. at ¶¶ 41-48.)

## III.    STANDARD OF REVIEW

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court is obliged to accept the Plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 91st Cir. 1999).  However, this tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  Mere recitals of the element of a cause of action, supported only by conclusory

statements, do not suffice.  Id. (Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 545 (citations omitted).  A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory."  Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).  A Complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement."  Twombly, 550 U.S. at 557 (quotations omitted).

## IV. ARGUMENT

The "official capacity" claims against officers Nemes and Robertson are claims against the City.  McGuigan v. Conte, 629 F. Supp. 2d 76, 82 (D. Mass. 2009) ("A lawsuit against a state official in his or her official capacity for money damages is, in substance, a suit against the state itself.") (Citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)).  As discussed below, Plaintiff has not sufficiently pleaded counts 1 through 5: (i) Plaintiff has not sufficiently pleaded a Monell claim to support Counts I and II; (ii) an municipality is not a "person" subject to suit pursuant to the Massachusetts Civil Rights Act; and (iii) Plaintiff's intentional torts of Assault and Battery and False Imprisonment are categorically barred pursuant by M.G.L. c. 258, § 10(c).

Count 6, which is the Plaintiff's only claim that specifically names, the City is barred because: (i) each of the seven theories contained in Count 6 are attempts to hold the City liable for Plaintiff's 42 U.S.C. § 1983 claim and the intentional torts alleged against the individual

3

officers. Furthermore, even if they were proper negligence claims, the Plaintiff cannot bring them because they were not presented in accordance with M.G.L. c. 258, § 4.

**A) Plaintiff's Official Capacity Claims Must Be Dismissed.**

"A suit against a municipal official in his or her official capacity is considered a suit against the municipality itself." Diaz-Garcia v. Surillo-Ruiz, Civil No. 13-1473 (FAB), 2014 WL 4403363, at *5 (D.P.R. Sept. 8, 2014) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985); Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005)). As discussed below, Plaintiff's official capacity claims must be dismissed.

      i.      The Official Capacity Claims in Counts 1 and 2:

Plaintiff's first two counts against the officers in their official capacities (and thus the City), for violations of 42 U.S.C. §1983, fail under Monell v. Department of Social Services of City of New York, 436 U.S. 658, 692 (1978). Under §1983, the City is "not responsible for the unauthorized and unlawful acts of its officers." Id. Courts analyzing §1983 "have consistently refused to hold municipalities liable under a theory of respondeat superior." Board of County Commissioners v. Brown, 520 U.S. 397, 403 (1997). The Supreme Court, "concerned that municipal liability based on fault by the City might collapse into de facto respondeat superior, has set a very high bar for assessing municipal liability under Monell." Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005). Therefore, to plead municipal liability under §1983, the plaintiff must allege (1) an unconstitutional "policy or custom" of the City, *and* (2) that this policy or custom was "the moving force" behind the alleged injury. See Brown, 520 U.S. at 403-05. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, (2011).

Here the Plaintiff does not allege any policy or custom of the City that caused the injuries alleged in the Complaint. (See ECF No. 19 ¶¶ 23-31.)  Plaintiff merely alleges that "Nemes, Robertson and the Officers acted jointly and in concert."  (Id. at ¶ 25.)  An allegation that two or more officers acted in concert does not meet the standard set forth under Monell.  There is no allegation of a policy or custom employed by the Boston Police Department or the City of Boston was the "moving force" behind the Plaintiffs injuries.  Without this sort of allegation the Count 1 and 2 claims against the Nemes and Robertson in their official capacities must be dismissed.

    ii.  The Official Capacity Claims in Count 3

Count 3 of the Second Amended Complaint is brought under the Massachusetts Civil Rights Act, M.G.L. c. 12, §11I ("MCRA").  The MCRA allows claims to be brought against 'persons' acting under the color of state law.  Courts have determined that "there is no indication in the MCRA that the word 'person' includes either the Commonwealth or any of its political subdivisions." Howcroft v. Peabody, 747 N.E.2d 729, 744 (2001); see also Meagher v. Andover School Committee 94 F. Supp. 3d 21, 45 (D. Mass. 2015) (finding defendants immune from suit under MCRA). "[I]t is widely accepted rule of statutory construction that general words in a statute such as 'persons' will not ordinarily by construed to include the State or political subdivisions thereof." Planned Parenthood League of Mass. Inc. v. Blake, 631 N.E. 2d 985.  As a matter of law, Plaintiff cannot allege an MCRA violation against the City.  Therefore, Plaintiff's official capacity claim for violation of the MCRA was must be dismissed.

    iii.  The Official Capacity Claims in Count 4 and 5

Counts 4 and 5 of the Plaintiff's Second Amended Complaint are based on the intentional torts of assault and battery and false imprisonment.  M.G. L. c. 258, § 10(c) provides that any

municipality is immune from "any claim arising out of an intentional tort, including **assault, battery**, **false imprisonment**, [and] **false arrest**, …." (Emphasis added) (alteration to original); see Niles v. Town of Wakefield, 172 F. Supp. 3d 429, 446 (D. Mass. 2016) ("Under Massachusetts law, in contrast, the Town cannot be held liable based on claims for assault and battery or false imprisonment." Black letter law bars Counts 4 and 5 against the City.

### B) Plaintiff Failed to Present his Claims Contained in Count 6 Against the City in Accordance with M.G.L. c. 258, § 4

The Massachusetts Tort Claims Act requires a Plaintiff to satisfy certain notice requirements as a condition precedent to filing a tort action against a public employer. M. G. L. c. 258, § 4 "requires a claimant to 'present' his claim in writing to the executive officer of the public employer that is the potential defendant." Cuddy v. City of Boston, 1995 WL 1146821, No. 8958800, *2 (Mass. Super. Sep. 15, 1995). Presentment must be made in "strict compliance with the statute." Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). "Although G. L. c. 258, § 4 does not specify what information must be included for a sufficient presentment, the letter must contain enough information so that it fairly can be read as disclosing claims subject to suit within the Tort Claims Act." Cuddy, 1995 WL 1146821 at *3 (citing Tambolleo v. Town of West Boylston, 34 Mass. App. Ct. 526, 532-33 (1993) (claims for negligent infliction of emotional distress and negligent supervision barred where Plaintiffs' presentment letter merely advised town that they sustained bodily injury resulting from an assault by a police officer, assault being an intentional tort barred by the Tort Claims Act)). "A presentment letter will not be deemed sufficient if the town has not been afforded an opportunity to investigate the claim." Wightman v. Town of Methuen, 26 Mass. App. Ct. 279, 281-83 (1988) (claim of negligent failure to secure immediate medical attention brought by elementary school student injured in

6

brawl on school grounds barred because presentment letter only notified town that he had sustained injuries because of the negligent supervision of school officials who failed to prevent the altercation). "The purpose of the presentment requirement is to 'ensure that the responsible public official receives notice of the claim so that the official can investigate to determine whether or not a claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims are not brought in the future." Lodge v. Dist. Atty. for the Suffolk Dist., 21 Mass. App. Ct. 277, 283 (1985).

Here, Plaintiff's presentment letter does not make any reference to negligence or that Plaintiff seeks to hold the City responsible on a theory that it failed to train, supervise, or discipline its officers. See Plaintiff's Presentment Letter, attached hereto as **Exhibit 1.**[1] Instead, it describes an incident in which Plaintiff was thrown to the ground and stomped on during a police stop on December 1 2017. (Id.) In short, Plaintiff's letter describes only intentional tortious conduct by City employees. Plaintiff's letter cannot fairly be read as disclosing claims against the City for negligent supervision, failure to train, or failure to discipline. As such, the City was not afforded the opportunity to investigate these claims in any meaningful way, in direct violation of M. G. L. c. 258, § 4. The City was only on notice that Plaintiff sought damages for the intentional conduct of its employees—conduct for which the City is immune pursuant to M.G. L. c. 258, § 10(c). Accordingly, to the extent Plaintiff's Second Amended Complaint can be construed as alleging a negligence claim against the City, it must be dismissed.

---

[1] While a Court generally may not consider documents outside the scope of the Complaint on a Rule 12(b)(6) motion, a narrow exception exists for documents central to a plaintiff's claim or for documents sufficiently referred to in the Complaint. See Watterson v. Page, 987 F.2d 1, 3 (1st. Cir. 1993). Here, plaintiff explicitly refers to his Presentment Letter in his Second Amended Complaint. See ECF No. 19. at ¶ 42. Accordingly, the Court may properly refer to the attached document without converting this motion to one for summary judgment.

**C) The Allegations of Negligence Against the City are All Barred by Exceptions within M.G.L. c. 258, § 10**

Assuming, *arguendo*, that Plaintiff made sufficient presentment, his claim of negligence is still barred.  M. G. L. c. 258 provides a number of exceptions which provide immunity for municipalities for the actions of their employees.  Among these exceptions is §10(b), known as the discretionary function exception which immunizes the City from "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused." M.G.L. c. 258, §10(b).  M.G.L. c. 258, §10(c) bars claims for against the City for the intentional torts committed by employees; providing in pertinent part that the City is immune from "any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations." M.G.L. c. 258, §10(c).  These two exceptions, along with a failure to allege the basic requirements of a tort claim such as duty and harm, bar all of Plaintiff's negligence allegations against the City.

   a)   *Plaintiffs allegation that the City "fail[ed] to respond properly to an anonymous call reporting a firearm"*

The City is immune from this negligence claim under the discretionary function exception provided in §10(b).  The analysis for determining whether an act is a discretionary function under the Massachusetts Tort Claims Act requires two steps: (1) whether the governmental actor had any discretion at all as to what court course of conduct to follow, and, if so, (2) whether the discretion that the actor had is the kind of discretion which §10(b) provides

8

immunity from liability.  See Crete v. City of Lowell, 418 F.3d 54, 61 (2005).  "In regard to the second step of [the 10(b) analysis]…courts must determine whether the conduct that caused the injury has a 'high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning,' as opposed to conduct that consists of 'the carrying out of previously established policies or plans.'" Spencer v. City of Boston, 2015 WL 6870044, at *5 (D. Mass. 2015) (citing Ku v. Town of Framingham, 816 N.E.2d 170, 175 (Mass. 2004); Whitney v. City of Worcester, 366 N.E.2d 1210 (Mass. 1977)).  The officer's actions in this case fall squarely within the criteria for §10(b) exception.

Here, the first prong is easily satisfied as the police officers in this case had the ability to exercise discretion in how they investigated the tip they received.  The second prong is also satisfied because the courts have established that this sort of investigatory decision is the kind of discretionary decision that provides immunity from liability. In Sena v. Commonwealth the Supreme Judicial Court of Massachusetts held that "the conduct of law enforcement officials in *investigating potentially criminal conduct* and in seeking warrants for the arrest of those whom they investigate, are discretionary functions and therefore fall within the exception in § 10(*b*)." 417 Mass. 250, 257 (1994) (emphasis added).[2]  Here the Plaintiff is attempting to hold the City liable for negligence based on the way in which its employees investigated potential criminal conduct based on a tip they received regarding a person with a firearm.  If Plaintiff is attempting

---

[2] See also Rivera v. City of Worcester, No. 12-cv-40066, 2015 WL 6858000, at 6-7 (D. Mass. Oct. 26, 2012) granting city-defendant's motion for summary judgment based on § 10(b) after plaintiff claimed city was negligent in arresting him because he was 5'8" tall and suspect was 4'11".

to argue that the officers did not have reasonable suspicion to conduct the "Terry" stop,[3] then his claim is a § 1983 civil rights action and not one of negligence.

> *b)   Plaintiffs allegation that the City "Order[ed] Mr. Firman to leave his vehicle and forcing him violently to the ground and by"*
>
> *c)   "Putting their entire weight onto the neck of Mr. Firman causing him serious injury;"*
>
> *d)   "Arresting Mr. Firman without probably cause;"*

The City is immune from this negligence claim brought in ¶ 45 "b" through "d" of the Second Amended Complaint because the allegations involve intentional torts committed by the individual officers or a civil rights violation subject to 42 U.S.C § 1983. "The Act expressly exempts intentional torts from its provisions, and therefore a public employer cannot be sued for the intentionally tortious conduct of its employee. See G. L. c. 258, § 10(c). While § 10(c) lists a number of intentional torts, its use of the word "including" indicates that the enumerated list is representative, not all-inclusive, and that any intentional tort is covered by § 10(c)." Barrows v. Wareham Fire Dist., 82 Mass. App. Ct. 623, 626 (2012).  Among the intentional torts listed in the plain language of M.G.L. c. 258, §10(c) are assault, battery and false imprisonment.  These three are explicitly listed, among others, as torts which a municipality cannot be held liable for if committed by one of their employees.

The Massachusetts USDC recently dealt with a case in which a town was sued for negligence over the alleged wrongful arrest and assault and battery by their officers.  In Niles v. Town of Wakefield the court granted summary judgment for the town on its summary judgment motion, finding that "[u]nder Massachusetts law, in contrast, the Town cannot be held liable

---

[3] Terry v. Ohio, 392 U.S. 1, 21 (1968) finding search constitutional if based on specific articulable facts that would warrant man of reasonable caution to believe that action taken was appropriate.

based on claims for assault and battery or false imprisonment." 172 F.Supp.3d at 446. In this case, much like the present case, the Plaintiff alleged negligence against the town "in an effort to circumvent the language of the statute." (Id.) The Plaintiff's allegations of negligence based on the intentional torts claimed do not pass the 12(b)(6) standard because they do not plausibly suggest an entitlement for relief.

> e) "Failing to protect Mr. Firman from the unreasonable use of force the Officers;"
>
> f) "Failing to properly train the Officers in, the use of force and probably cause for arrests;"
>
> g) "Failing to properly supervise the Officers"

As previously discussed, Plaintiff is barred from bringing the claims brought in ¶ 45 "e" through "g" because he failed to comply with the presentment requirements discussed above in Section IV(1) of this motion. Furthermore, the failure to protect claim cannot be brought under M.G.L. c. 258, §10(h) which states that no claim may be brought for failure "to provide adequate police protection." The Plaintiff also fails to allege that the City should have known that the officers may cause the type of harm he claims to have suffered. "[I]n cases in which a plaintiff alleges that an employer is liable under a theory of negligent supervision for the intentional tort of an employee, Massachusetts courts have required that the employer have known, or at least should have known, that the employee might harm someone in the same general manner in which the employee is alleged to have harmed the plaintiff." Saldivar v. Racine, 818 F.3d 14, 21 (2016). Again, these negligence allegations by the Plaintiff are an attempt to circumvent the immunity granted to municipalities for this isolated incidents of this nature.

## V. CONCLUSION

For the foregoing reasons, the defendant, City of Boston respectfully requests that this Honorable Court dismiss all claims against it in Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

Defendant,
City of Boston
By its attorneys,

Eugene L. O'Flaherty
Corporation Counsel

/s/ John Fahey
John A. Fahey, BBO#703399
Assistant Corporation Counsel
Nieve Anjomi BBO# 651212
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4017
John.Fahey@boston.gov
Nieve.Anjomi@boston.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May, 19 2020.

5/19/2020                                  /s/ John Fahey
Date                                       John A. Fahey