UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:19-12158-ADB

GREGORY FIRMIN,
                    **Plaintiff.**

v.

CITY OF BOSTON, BOSTON POLICE DEPARTMENT, OFFICER CARL NEMES, and OFFICER PAUL ROBERTSON
                    **Defendants.**

## DEFENDANTS CITY OF BOSTON AND CARL NEMES' OPPOSITION TO PLAINTIFF'S MOTION TO REQUEST A SCHEDULING CONFERENCE

Defendants, City of Boston (the "City") and Officer Carl Nemes hereby oppose Plaintiff's (second) Motion to Request a Scheduling Conference on the basis that: (i) Plaintiff has not satisfied the elements of asking the Court to reconsider its prior order [ECF 20] and (ii) Plainitff's request is premature as the case is not yet at issue; the pleadings remain open and the parties to the case have not been determined.

First, Plaintiff has not satisfied his burden for seeking reconsideration of the Court's prior order. "The general rule in this circuit is that the [the party seeking reconsideration] must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). Here, Plaintiff provided no explanation for his renewed motion other than to state that he made his request before. The Court addressed Plaintiff's prior motion and ordered:

> If they have not done so already, Defendants are to provide initial disclosures to Plaintiff consistent with Federal Rule of Civil Procedure 26(a)(1). All other discovery will remain on hold until the Court issues its memorandum and order on the pending motion to dismiss, [ECF No. [8]]. Once the motion has been decided, the Court will set a date for a scheduling conference. If Plaintiff seeks an

1

      immediate scheduling conference, he has the option of dismissing Count VI as against the City of Boston which would moot the motion to dismiss, [ECF No. [8]].

(ECF No. 20.) The Defendants complied with the Court's Order, and, as discussed below, Plaintiff continues to pursue his claims against the City and seeks to expand his lawsuit by naming nine additional officers.

      Plaintiff is requesting a conference to schedule a discovery timeline while his motion for leave of Court to amend his complaint for the third time is still pending. (ECF No. 29.) The Court's determination on whether or not to permit the addition of these parties would greatly impact the mechanics of setting a discovery timeline at the scheduling conference which Plaintiff is requesting. Each of these potential parties would be unrepresented at this proposed conference and not have a say in the order and manner of discovery.

      Additionally, the City has filed a Motion to Dismiss the Plaintiff's First Amended Complaint on the grounds that it fails to state a claim for relief against the City. (ECF No. 23.) See generally Dicenzo v. Massachusetts Dep't of Correction, No. 3:15-CV-30152-MGM, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016) (staying discovery pending resolution of the Commonwealth's motion to dismiss). Plaintiff's operative complaint contains Monell, Massachusetts Civil Rights Act, and negligence claims against the City. For the reasons stated in the City's Motion to dismiss, Plaintiff's claims against the City should be dismissed. The outcome of this motion would also impact the expense to the City in conducting discovery for a Monell claim and would any impact any proposed discovery scheduling.

      Defendants ask that the court deny the Plaintiff's Request for a Scheduling Conference on the grounds that any such conference would be premature and futile.

2

Respectfully submitted,

Defendant,
City of Boston
By its attorneys,

Eugene L. O'Flaherty
Corporation Counsel

/s/ John Fahey
John A. Fahey, BBO#703399
Assistant Corporation Counsel
Nieve Anjomi BBO# 651212
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4017
John.Fahey@boston.gov
Nieve.Anjomi@boston.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 29, 2021.

| January 29, 2021 | /s/ John Fahey |
|---|---|
| Date | John A. Fahey |