UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREGORY FIRMIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 19-cv-12158-ADB |
| CITY OF BOSTON, BOSTON POLICE | * | |
| DEPARTMENT, OFFICER CARL NEMES, | * | |
| and OFFICER PAUL ROBERTSON, | * | |
| | * | |
| Defendants. | * | |
| | * | |

### MEMORANDUM AND ORDER ON DEFENDANT CITY OF BOSTON'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND

BURROUGHS, D.J.

Plaintiff Gregory Firmin brings various federal and state law claims against Defendant City of Boston (the "City"), Defendant Boston Police Department ("BPD"), Defendant Officer Carl Nemes, and Defendant Officer Paul Robertson stemming from an incident in December 2017 during which Nemes, Robertson, and other BPD officers allegedly unlawfully arrested Firmin and used excessive force against him.  See [ECF No. 19 ("SAC")].  Currently before the Court are the City's motion to dismiss, [ECF No. 23], and Firmin's motion to amend his second amended complaint, [ECF No. 29].  For the reasons set forth below, each motion is GRANTED in part and DENIED in part.

## I.      BACKGROUND

### A.      Factual Background

For purposes of this Order, the relevant facts are drawn from Firmin's second amended complaint, [SAC], and viewed in the light most favorable to him, Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

On December 1, 2017, at approximately 11:30 p.m., Firmin was driving home from work.  [SAC ¶ 13].  At the intersection of Blue Hill Avenue and Talbot Avenue, he was pulled over by Nemes, Robertson, and other BPD officers.  [Id. ¶¶ 13–14].  Prior to pulling Firmin over, BPD had received a tip from an unknown caller identifying Firmin's vehicle and alleging that its driver had a gun.  [Id. ¶ 14].  Upon pulling over the vehicle, Nemes, Robertson, and the other officers ordered Firmin to get out of the car, arrested him immediately, and violently forced him to the ground.  [Id. ¶ 15].  The officers then placed Firmin in handcuffs and searched his vehicle. [Id. ¶¶ 16–17].  At least one officer stepped on Firmin's neck, shoulder, and collarbone, which resulted in serious injuries, including a fractured hyoid bone.  [Id. ¶¶ 18–19].  After the officers' search failed to turn up a gun, they released Firmin and told him he could go home.  [Id. ¶¶ 20–21].

### B.      Procedural Background

Firmin filed the operative complaint on May 4, 2020.  [SAC].  He brings claims against Nemes and Robertson under 42 U.S.C. § 1983 premised on the use of excessive force and an unlawful arrest (Counts I and II), [Id. ¶¶ 23–31], against Nemes and Robertson for violations of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I ("MCRA") (Count III), [id. ¶¶ 32–34], against Nemes and Robertson for assault and battery and false imprisonment (Counts IV and V), [id. ¶¶ 35–40], and against the City and BPD for negligence under the Massachusetts

Tort Claims Act ("MTCA") (Count VI), [id. ¶¶ 41–48].  With respect to his claims against Nemes and Robertson, Firmin is suing them individually and in their official capacities.  [Id. ¶ 10].  On May 19, 2020, the City moved to dismiss the complaint as to the City.  [ECF No. 23].  On June 5, 2020, Firmin moved to amend his second amended complaint.  [ECF No. 29].  Firmin opposed the City's motion on June 16, 2020, [ECF No. 32], and the City opposed Firmin's motion on June 19, 2020, [ECF No. 33].

## II.    MOTION TO DISMISS

### A.    Legal Standard

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff.  See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019).  "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)).  The alleged facts must be sufficient to "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

"To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability."  Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. at 44 (quoting Iqbal, 556 U.S. at 679).  "[T]he complaint

should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible . . . ."  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011)).  "The plausibility standard invites a two-step pavane."  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (citing Grajales, 682 F.3d at 45).  First, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)."  Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  Second, the Court "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Morales-Cruz, 676 F.3d at 224).

B.    Discussion

The City argues that insofar as Firmin is suing Nemes and Robertson in their official capacities for § 1983 and MCRA violations, those claims are deemed claims against the City itself and must be dismissed because Firmin has failed to allege a city-wide policy or custom as is required to sustain such claims.  [ECF No. 24 at 4–5].  As to the false imprisonment and assault and battery claims, the City maintains that because municipalities are immune from intentional tort claims, insofar as Firmin is asserting those claims against Nemes and Robertson in their official capacities, those claims also fail.  [Id. at 5–6].  Finally, the City asserts that Firmin's negligence claim against the City fails because Firmin did not comply with the MTCA's presentment requirement, and, even assuming Firmin did comply, statutory exceptions bar his claim.  [Id. at 6–11].

In his opposition brief, Firmin agreed to drop all claims against the individual defendants in their official capacities, [ECF No. 32-1 at 1 ("Plaintiff has dropped all 'official capacity'

claims against defendants in the proposed Third Amended Complaint . . .")], and focuses his arguments on the MTCA claim against the City, [id. at 3–10]. Given Firmin's willingness to drop the official capacity claims against the individual defendants, the Court need not address the City's arguments on that point and will also focus on Firmin's MTCA claim against the City.

        1.   <u>Presentment</u>

"Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment . . . ." Mass. Gen. Laws. ch. 258, § 2. Firmin premises his MTCA claim against the City on the City's employees: (1) "failing to respond properly to an anonymous call reporting a firearm," (2) "[o]rdering Mr. Firmin to leave his vehicle and forcing him violently to the ground," (3) "putting their entire weight onto the neck of Mr. Firmin causing him serious injury," (4) "arresting Mr. Firmin without probable cause," (5) "failing to protect Mr. Finnan [sic] from the unreasonable use of force the Officers [sic]," (6) "failing to properly train the Officers in[] the use of force, and probable cause for arrests," and (7) "failing to properly supervise the Officers." [SAC ¶ 45]. Under the MTCA, a

> civil action shall not be instituted against a public employer on a claim for damages . . . unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail . . . The failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented . . . shall be deemed a final denial of such claim.

Mass. Gen. Laws ch. 258, § 4. Here, Firmin's counsel sent a letter to the Mayor of Boston dated August 14, 2018, with the subject line "Notice of Massachusetts Tort Claim pursuant to G.L. c.

258, § 4 on behalf of Gregory Firmin" (the "Letter").[1]  [ECF No. 24-1 at 1].[2]  The body of the

Letter read:

> This office represents Gregory Firmin . . . .  On December 1, 2017 at approximately
> 11:15 p.m., Mr. Firmin, a young African American man, was driving northbound
> on Blue Hill Avenue returning home from his work as a software engineer.  He was
> driving at the speed limit, and was not committing any traffic or moving violations.
> Suddenly at the corner of Talbot Avenue numerous police vehicles suddenly
> blocked his way and ordered him to get out of the car.  After getting out of his car,
> the officers threw Mr. Firmin to the ground and stomped on his neck.  As a result
> of the officers' brutal physical assault, Mr. Firmin suffered significant injury of
> body and mind, including a broken bone in his neck.  During the entire incident,
> Mr. Firman [sic] was fully compliant with the officers' instructions and presented
> no cause for a brutal take-down.
>
> According to the police report, the police acted because an unidentified person
> whom the police did not know and whose phone number they apparently did not
> record, called to say that a person driving a black Ford had been following them
> with a firearm.  While Mr. Firmin was pinned to the ground with the officers' feet
> on his neck, they searched his car and found no firearm.  They then released him.
> Mr. Firman [sic] was brutally treated and seriously injured by the police action.  He
> was also emotionally traumatized by the random stop and being thrown to the
> ground and beaten.
>
> We have Mr. Firmin's medical records and bills and will provide them to you upon
> request.  We would prefer to resolve this case in an amicable manner and look
> forward to hearing from you.
>
> Please respond to this demand at your earliest convenience.  If we have not received
> a response within six (6) months from the date of this occurrence, we will file the
> appropriate civil complaint on behalf of our client.
>
> Thank you for your attention to this matter.

[Id. at 1–2].

The City maintains that the Letter is insufficient because it "cannot fairly be read as

disclosing claims against the City for negligent supervision, failure to train, or failure to

---

[1] The parties do not dispute that the Letter was timely sent to the proper individual.

[2] The Court may consider the Letter when deciding a motion to dismiss.  Alternative Energy, Inc.
v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

discipline," and therefore did not afford the City "the opportunity to investigate these claims in any meaningful way."  [ECF No. 24 at 6–7].  Firmin responds that the Letter satisfies the MTCA's requirements because it provided the City with sufficient factual information to infer that Firmin was presenting a negligence claim.  [ECF No. 32-1 at 3–6].

"Th[e MTCA's] strict presentment requirement is a statutory prerequisite for recovery under the Act."  Shapiro v. City of Worcester, 982 N.E.2d 516, 522 (Mass. 2013) (citing Vasys v. Metro. Dist. Comm'n, 438 N.E.2d 836, 840 (Mass. 1982)).  "[C]lose scrutiny discloses that the 'strict compliance' precept is concerned more with whether presentment has been made to the proper executive officer (*proper party noticed*) in a timely fashion (*timeliness*) than with the content of the presentment (adequacy of content)."  Martin v. Commonwealth, 760 N.E.2d 313, 316 (Mass. App. Ct. 2002).  "The purpose of the presentment requirement is to 'ensure[ ] that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.'"  Rodriguez v. City of Somerville, 33 N.E.3d 1240, 1244 (Mass. 2015) (quoting Gilmore v. Commonwealth, 632 N.E.2d 838, 840 (Mass. 1994)).  "A letter purporting to constitute presentment does not have to be absolutely precise.  The letter does, however, have to identify[ ] the legal basis of a plaintiff's claim and must not [be] so obscure that educated public officials . . . find themselves baffled or misled with respect to [whether] a claim is being asserted which constitutes a proper subject for suit under G.L. c. 258."  Id. (alterations in original) (internal citations and quotation marks omitted).  "[T]he presentment requirement is not intended to demand such rigid particularization as to reincarnate sovereign immunity and bar legitimate claims for failing to invoke perfectly the correct 'Open Sesame.'"  Martin, 760 N.E.2d at 316.  In

sum, courts evaluating compliance with the presentment requirement must strike an "appropriate balance . . . between the public interest in fairness to injured persons and in promoting effective government." Whitney v. City of Worcester, 366 N.E.2d 1210, 1215 (Mass. 1977).

Here, the Letter meets the MTCA's presentment requirement. Firmin's counsel provided a detailed description of the factual basis for Firmin's claims. [ECF No. 24-1 at 1]. Additionally, given Firmin's allegation that multiple officers were involved in the violent altercation notwithstanding the fact that Firmin was "fully compliant with the officers' instructions and presented no cause" for such violence, [id.], it could be reasonably inferred that Firmin was asserting a failure to train and/or supervise claim. Firmin's assertion that the officers acted based on an anonymous phone tip without recording the tipster's phone number, [id.], also suggests a claim that officers were inadequately trained. In short, the Letter is sufficient to "identify the legal basis" of Firmin's claim, is not "baffl[ing] or misle[ading]," and provided the City with enough information to investigate its potential liability.[3] Rodriguez, 33 N.E.3d at 1244. Finding the Letter adequate reflects the appropriate balance between "promoting effective government" while also ensuring "fairness to [an] injured person." Whitney, 366 N.E.2d at 1215. Accordingly, the Court concludes that Firmin has met the presentment requirement with respect to his negligence claim against the City. Contra Rodriguez, 33 N.E.3d at 1244–45 (finding letter insufficient under Mass. Gen. Laws ch. 258, § 4 where the letter "did nothing more than state that the minor son was injured in an accident at a public school in the city and that counsel was seeking a copy of the school's report of the incident as well as reports of any other incidents at the same school"); Carr v. Metro. Law Enf't Council, No. 13-cv-13273, 2014

---

[3] The Court also notes that the City could have contacted Firmin's counsel to further clarify the nature of the claims but did not do so.

WL 4185482, at *3–4 (D. Mass. Aug. 20, 2014) (finding a letter inadequate to present claim based on the insufficiency of information provided in a search warrant application where letter focused entirely on the execution of the warrant and did not mention the information provided in the warrant application).

        2.    <u>Statutory Exceptions</u>

As noted above, Firmin premises his MTCA claim against the City on City employees: (1) "failing to respond properly to an anonymous call reporting a firearm," (2) "[o]rdering Mr. Firmin to leave his vehicle and forcing him violently to the ground," (3) "putting their entire weight onto the neck of Mr. Firmin causing him serious injury," (4) "arresting Mr. Firmin without probable cause," (5) "failing to protect Mr. Finnan [sic] from the unreasonable use of force the Officers [sic]," (6) "failing to properly train the Officers in[] the use of force, and probable cause for arrests," and (7) "failing to properly supervise the Officers."  [SAC ¶ 45]. The City argues that the MTCA contains an exception to liability applicable to each of Firmin's asserted bases for negligence.  [ECF No. 24 at 8–11].  Firmin maintains that none of the exceptions identified by the City are applicable.  [ECF No. 32-1 at 6–10].

        a.    Failing to Properly Respond to Anonymous Tip

Mass. Gen. Laws ch. 258, § 10(b) precludes liability for "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused."  Mass. Gen. Laws ch. 258, § 10(b).  The City argues that how to investigate an anonymous tip is discretionary and therefore cannot support an MTCA claim.  [ECF No. 24 at 8–10].  Firmin counters that how police officers respond to anonymous tips is dictated by a city-wide policy or regulation, which renders § 10(b)'s exception inapplicable.  [ECF No. 32-1 at 6–8].

"The SJC has identified a two step analysis for application of the discretionary function exception: (1) whether the governmental actor had any discretion at all as to what course of conduct to follow, and, if so, (2) whether the discretion that the actor had is that kind of discretion for which § 10(b) provides immunity from liability."  Crete v. City of Lowell, 418 F.3d 54, 60 (1st Cir. 2005) (first citing Greenwood v. Town of Easton, 828 N.E.2d 945, 948 (Mass. 2005); then citing Harry Stoller & Co. v. City of Lowell, 587 N.E.2d 780, 782–83 (Mass. 1992)).  Massachusetts courts have consistently held that how law enforcement officers conduct investigations is a discretionary function that triggers § 10(b)'s immunity.  See, e.g., Sena v. Commonwealth, 629 N.E.2d 986, 990 (Mass. 1994) ("Thus, we hold that the conduct of law enforcement officials in investigating potentially criminal conduct and in seeking warrants for the arrest of those whom they investigate, are discretionary functions and therefore fall within the exception in § 10(b)."); Evariste v. City of Boston, No. 18-cv-12597, 2020 WL 1332835, at *8 (D. Mass. Mar. 23, 2020).

Here, because Firmin is attempting to hold the City liable for how its police officers conducted their investigation (i.e., crediting the anonymous tip), his claim is barred by § 10(b).  Firmin asserts that "the officers' response to an unknown caller's claim that a vehicle containing a firearm was following them is undoubtedly dictated by policy or regulation" but provides no support for that assertion, [ECF No. 32-1 at 6–8], and has made no factual allegations regarding how police officers are supposed to respond to anonymous tips, [SAC ¶¶ 13–22].  Just as the officers in Sena "had to rely on their own judgment, based on their experience and their knowledge of the law, to determine what evidence to seek, how to gather that evidence, and whether and when to apply for warrants for arrest," 629 N.E.2d at 990, the officers here were in a similar position with regard to how best to respond to the anonymous tip.  Thus, to the extent

Firmin premises his MTCA claim against the City on how Nemes, Robertson, and the other BPD officers responded to the anonymous tip, his claim is barred by § 10(b).

> b.   Ordering Firmin to Leave his Vehicle and Forcing Him Violently to the Ground, Putting Weight on Firmin's Neck, and Arresting Firmin without Probable Cause

Mass. Gen. Laws ch. 258, § 10(c) precludes liability for "any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations." Mass. Gen. Laws ch. 258, § 10(c). The City maintains that because § 10(c) expressly precludes MTCA claims premised on assault and battery and false imprisonment, to the extent Firmin seeks to hold the City liable for those intentional torts, his claim must fail. [ECF No. 24 at 10–11]. Firmin maintains that whether the officers' conduct was intentional or merely reckless or negligent is a question of fact and, for that reason, the City's motion to dismiss based on § 10(c) is premature. [ECF No. 32-1 at 8–9].

To the extent Firmin's negligence claims against the City are premised on how the officers physically interacted with him (i.e., forcing him to the ground, putting weight on his neck, handcuffing him), it is too early to determine whether those physical interactions were tortious and, if so, whether they were negligent, reckless, or intentional. Magistrate Judge Robertson recently encountered an analogous situation and her well-reasoned analysis is equally applicable here:

> Pursuant to the [MTCA], public employers cannot be held liable for the intentional torts of their employees. To the extent the FAC might be read to assert a claim against the Town based on the intentional torts of false imprisonment, intentional infliction of emotional distress, or assault and battery allegedly committed by Polidoro or excessive use of force by Polidoro or Munson, such claims are barred by the MTCA. It is, however, possible to read the FAC as asserting that, when Polidoro "yanked" Plaintiff up from the ground by his elbow, allegedly caus[ing]

Plaintiff serious injuries, Polidoro's treatment of Plaintiff was negligent rather than intentional.  There may be other actions taken by responding officers, such as, for example, failing accurately to ascertain the status of the car Plaintiff was driving, that could be found to be negligent.  A police officer in Massachusetts is entitled to use such force as is necessary and reasonable in the performance of his or her duties. The allegation that a police officer acted negligently in his physical interaction with an individual states a cognizable claim against a municipality that is not barred by the MTCA.  Fed. R. Civ. P. 8(d) . . . permits [p]laintiffs to plead alternative and even inconsistent legal theories such as [intentional and negligent conduct], even if [p]laintiffs can only recover under one of those theories.  Plaintiff cannot recover for excessive use of force or an intentional tort committed by the individual defendants *and* from the Town for negligence, but, at least at this stage of the case, Plaintiff may assert negligence as an alternative basis for recovery from the Town.

Cecchinato v. Town of Sheffield, No. 19-cv-30076, 2021 WL 24580, at *3 (D. Mass. Jan. 4, 2021) (final three alterations in original) (citations and internal quotation marks omitted). Accordingly, insofar as Firmin's negligence claim against the City is based on how the officers physically interacted with him, at least at this stage of the proceedings, his claim is not barred by § 10(c).

To the extent that Firmin's negligence claim is premised on the decision to arrest him, however, that claim is barred by § 10(c).  Tvedten v. City of Boston, No. 10-cv-11291, 2012 WL 1077680, at *3 (D. Mass. Mar. 29, 2012) ("Arrest without probable cause, as alleged here, is an intentional act on the part of the arresting officers.").

c.      Failing to Protect Firmin from Unreasonable Force

Mass. Gen. Laws ch. 258, § 10(h) precludes liability for "any claim based upon the failure . . . to provide adequate police protection."  Mass. Gen. Laws ch. 258, § 10(h).  The City asserts that Firmin's claim is plainly foreclosed by § 10(h).  [ECF No. 24 at 11].  Firmin maintains that § 10(h) is meant to preclude claims based on a municipality's alleged failure to prevent a third-party from harming the claimant.  [ECF No. 32-1 at 9–10].  Although somewhat inartfully drafted, Firmin's complaint is best read as alleging that the officers used unreasonable force against him, not that they failed to adequately protect him from a third party.  [SAC ¶¶ 15,

18–19, 45].  Accordingly, to the extent that Firmin premises his MTCA claim against the City on the officers' allegedly unreasonable force, § 10(h) does not bar his claim.  See Rivera v. City of Worcester, No. 12-cv-40066, 2012 WL 5354153, at *4 (D. Mass. Oct. 26, 2012) ("Specifically, Section 10(h) has been construed to 'immunize a municipality when the criminal acts of a third person are a cause of a plaintiff's harm, and the police were negligent in not preventing that criminal conduct.'" (quoting Carleton v. Town of Framingham, 640 N.E.2d 452, 456 (Mass. 1994))).

d.      Failing to Properly Train and/or Supervise Officers

The City asserts that insofar as Firmin's MTCA claim is based on the City's failure to properly train and/or supervise its officers, that claim fails because Firmin has not alleged that the City "should have known that the officers may cause the type of harm [Firmin] claims to have suffered."  [ECF No. 24 at 11].  Firmin responds that foreseeability is a question of fact and that, at this stage in the litigation, it is premature to dismiss his claim on this basis.  [ECF No. 32-1 at 10].  "[A]s a general matter, the Massachusetts Supreme Judicial Court has held that where the kind of harm alleged is violent, the violent nature of that harm must be a reasonably foreseeable result of the defendant's negligence in order for that defendant to be liable for that harm."  Saldivar v. Racine, 818 F.3d 14, 21 (1st Cir. 2016).  Firmin has met his burden at this stage.  According to Firmin's allegations, multiple BPD officers used excessive force despite clear indications that Firmin did not pose a threat and was complying with the officers' orders. What allegedly took place—i.e., police officers' use of excessive force in a situation that did not call for it—is a reasonably foreseeable result of the City's alleged failure to adequately train and supervise its officers regarding the proper use of force.  Accordingly, to the extent that Firmin's MTCA claim is premised on the City's failure to properly train and supervise its police officers, that claim can survive the City's motion to dismiss.

13

3.     Summary

In sum, (1) Firmin has voluntarily agreed to drop all claims against individual defendants in their official capacities, (2) the Letter satisfied the MTCA's presentment requirement, and (3) Firmin's MTCA claim survives the City's motion to dismiss except insofar as it is premised on the officers' response to the anonymous tip and decision to arrest Firmin.

**III.     MOTION TO AMEND**

"Under Federal Rule of Civil Procedure 15(a), a court should freely give a party leave to amend a pleading 'when justice so requires.'  Amendment is not warranted, however, when the party engages in 'undue delay,' acts under a 'bad faith or dilatory motive,' repeatedly fails 'to cure deficiencies by amendments previously allowed,' or proposes a futile amendment."  Kleya v. Karl Storz Endovision, Inc., 436 F. Supp. 3d 455, 456 (D. Mass. 2020) (citing ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56 (1st Cir. 2008)).  "The First Circuit has explained that the court's leave to amend analysis is context specific."  Drachman v. Bos. Sci. Corp., 258 F. Supp. 3d 207, 209 (D. Mass. 2017) (citing Nikitine v. Wilmington Trust Co., 715 F.3d 388, 390 (1st Cir. 2013)).

Firmin seeks leave to amend his complaint in two ways.  [ECF No. 29-1 at 1].  First, to remove the claims against individual defendants in their official capacities.  [Id.].  Second, to add nine additional BPD officers, whom he believes were involved in the December 1, 2017 incident, as defendants.  [Id.; ECF No. 29-2 ¶ 1 (naming new defendants)].  Given that the first proposed amendment is unquestionably to the City's benefit, and was a direct response to the arguments that the City raised in its motion to dismiss, see [ECF No. 24 at 4–6 (the City's articulation of deficiencies with Firmin's official capacity claims); ECF No. 29-1 at 1 (Firmin noting that "[t]he amendment to remove the claims against the officers in their official capacity is in response to

defendants' motion to dismiss and to streamline the issues and allegations against the officers"), the Court will allow it.

As to the proposed inclusion of nine additional defendants, Firmin maintains that each proposed defendant was present for the December 1, 2017 incident and therefore either personally participated in the physical altercation or was a "joint participant[] in the unlawful police action and violated [Firmin]'s legal rights." [ECF No. 29-1 at 3]. The City argues that Firmin's proposed amendment is improper because he has no good faith basis for including the nine additional BPD officers as defendants. [ECF No. 33 at 3–6].[4] More specifically, the City points out that Firmin has simply named as a defendant each officer identified in the "Persons Likely to Have Discoverable Information" section of the City's initial disclosure, [ECF No. 33-1 at 2–4]. The fact that an individual may have witnessed an event that potentially gives rise to liability does not automatically render that individual an appropriate party to the litigation. As the City points out, [ECF No. 33 at 6], Firmin should engage in discovery and seek leave to add or substitute appropriate parties once he has gathered facts that would support such addition or substitution. Without a more concrete basis for asserting liability, the Court will not permit Firmin to require these nine individuals to file responsive pleadings and participate in discovery. Put slightly differently, the Court is unwilling to subject nine additional defendants to the burdens of litigation solely on the strength of the City's initial disclosure.

---

[4] The City also argues that Firmin failed to comply with the relevant local rule governing the addition of new parties. [ECF No. 33 at 6–7]. The Court need not address this argument, however, because the Court finds the City's substantive argument persuasive.

**IV.      CONCLUSION**

Accordingly, for the reasons discussed above, the City's motion to dismiss, [ECF No. 23], is <u>GRANTED</u> in part and <u>DENIED</u> in part.  Firmin's MTCA claim against the City (Count VI) is dismissed only insofar as it premises liability on the officers failing to "respond properly to an anonymous call reporting a firearm" and/or "arresting Mr. Firmin without probable cause." [SAC ¶ 45(a), (d)].  Firmin's motion to amend, [ECF No. 29], is <u>GRANTED</u> in part and <u>DENIED</u> in part.  Firmin is permitted to amend his complaint to drop his official capacity claims against the individual defendants but is denied leave to make any of his other proposed amendments.

**SO ORDERED.**

February 2, 2021                                              /s/ Allison D. Burroughs
                                                             ALLISON D. BURROUGHS
                                                             U.S. DISTRICT JUDGE