UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY FIRMIN,<br>　　Plaintiff,<br><br>v.<br><br>CITY OF BOSTON, MASSACHUSETTS,<br>OFFICER PAUL ROBERTSON.<br>　　Defendants | )<br>)<br>)<br>)<br>)<br>)   C. A. NO. 1:19-CV-12158-ADB<br>)<br>)<br>)<br>) |

# THIRD AMENDED
# COMPLAINT AND JURY CLAIM

## INTRODUCTION

1. This is a civil rights action against Boston Police Officers including Carl Nemes ("Nemes") and Paul Robertson ("Robertson"), (the Boston Police Officers are together referred to as the "Officers") individually and against the City of Boston. The Plaintiff, Gregory Firmin ("Mr. Firmin"), sustained serious injuries when he was unlawfully arrested, assaulted and subjected to excessive force when stopped by the Officers. On the night of December 1, 2017, Mr. Firmin was driving on Blue Hill Avenue in Boston when he was stopped by Boston Police at the corner of Talbot Avenue. Numerous police vehicles suddenly blocked his way and ordered him to get out of the car. After getting out of his car, at least one of the Officers threw Mr. Firmin to the ground. One or more of the Officers stomped on or placed unreasonable force upon his neck causing serious injury. He was placed in handcuffs and the police immediately began searching his entire car. As a result of the brutal physical assault, Mr. Firmin suffered significant injuries to his body, mind and well-being, including a broken bone in his neck. Defendant Officers arrived at the scene in Boston Police vehicles after the Boston

1

Police received an anonymous call identifying Mr. Firmin's vehicle and stating he was in possession of a firearm. One or more of the Officers, searched Mr. Firmin's entire vehicle without a warrant but could not locate a firearm or any weapon in the car. At least one Boston Police Department employee radioed and asked for the reporting individual to make themselves known. When the police dispatch called this person, they refused to identify themselves or file a police report. The Boston Police Department now contends that they no longer have the phone number of this individual and upon information and belief, have no information as to whom this person was.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. § 1331 and § 1343 provide federal question jurisdiction over all federal claims, and 28 U.S.C. § 1367 provides supplemental jurisdiction over state law claims.

## PARTIES

3. Plaintiff Gregory Firmin is a citizen of the United States and of the Commonwealth of Massachusetts.

4. Defendant Carl Nemes is a natural person and resident of the Commonwealth of Massachusetts. At all times alleged in this complaint, the City of Boston employed Carl Nemes as a police officer of the Boston Police Department.

5. Defendant Paul Robertson is a natural person and resident of the Commonwealth of Massachusetts. At all times alleged in this complaint, the City of Boston employed Paul Robertson as a police officer of the Boston Police Department.

6. All of the individual defendants were, at all times referred to in this complaint, acting as officers of the Boston Police Department and as employees, agents and servants of the City of Boston.

7. All of the Officers were, at all times referred to in this complaint acting under color of state law.

8. All of the Officers were, at all times referred to in this complaint acting under the direction and supervision of the Boston Police Department and the City of Boston.

9. Defendant City of Boston is a municipal corporation located in Suffolk County, Commonwealth of Massachusetts, and was at all times relevant to this complaint, the public employer of and the Officers present at the scene of the incident.

10. The Boston Police Department is the law enforcement agency of the City of Boston, and was at all times relevant to this complaint, the public employer of the Officers.

## FACTS

11. On December 1, 2017 around 11:30 PM, Gregory Firmin was driving home from work on Blue Hill Avenue in Boston. When he reached the intersection of Blue Hills Avenue and Talbot Avenue, he was confronted by numerous Boston Police Department vehicles and the Officers.

12. The Officers stopped the vehicle after it was identified by an unknown caller to the Boston Police Department. The unknown anonymous caller alleged that the driver of the car had a gun.

13. One or more of the Officers ordered and forced Gregory Firmin out of the car, immediately arrested him and pushed and dragged him violently to the ground.

14. One or more of the Officers then searched his vehicle without having obtained a warrant.

15. One or more of the Officers placed Mr. Firmin was placed in handcuffs

16. One or more of the Officers planted his foot or their feet and body weight(s) onto Mr. Firmin's neck, shoulder and collarbone resulting in serious injuries.

17. As a result, Mr. Firmin suffered a fractured hyoid bone and other injury.

18. After searching the vehicle, the Officers did not identify or find a firearm in the car.

19. The officers then released Mr. Firmin and told him he could go home.

20. Upon information and belief, neither of the Officers present took steps to discourage, prevent, halt, intervene or otherwise protect Mr. Firmin from the actions of the Officer or Officers who directly assaulted and arrested Mr. Firmin.

21. The caller that identified Mr. Firmin's vehicle refused to identify themselves and refused to file a police report.

22. The Officers had no knowledge of whom this caller was.

23. Upon information and belief, defendants, other than asking the person his or her name, which the person refused to provide, made no effort to actually identify the caller who had called the police with false information.

## COUNT 1

### 42 U.S.C. § 1983 Claim Against the Officers for the Unreasonable Use of Force

24. The above paragraphs are incorporated by reference.

25. One or more of the Officers, acting under of color of law, used unreasonable force against Plaintiff Gregory Firmin, depriving him of his clearly established right to be free from the use of unreasonable force by police officers under the Fourth Amendment to the United States Constitution as applied under the Fourteenth Amendment.

26. The Officers acted jointly and in concert.

27. The Officers acted with reckless disregard for Plaintiff's constitutional rights.

28. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

## COUNT 2

### 42 U.S.C. § 1983 Claim Against the Officers for Unlawful Arrest

29. The above paragraphs are incorporated by reference.

30. The Officers did not have probable cause to arrest Mr. Firmin.

31. .By the actions described above, the Officers deprived the plaintiff of the clearly established and well-settled right to be free from unreasonable seizures.

32. The Officers' actions were taken with reckless disregard for plaintiff's constitutional rights. As a direct and proximate result of this conduct, the plaintiff suffered the injuries as described above.

## COUNT 3

### Massachusetts Civil Rights Act, M.G.L. c. 12, §11I, Against the Officers

33. The above paragraphs are incorporated by reference.

34. The Officers violated the plaintiff's rights by threats, intimidation and coercion.

35. As a direct and proximate result of this conduct, the plaintiff suffered the injuries as described above.

## COUNT 4

### Tort of Assault & Battery Against the Officers

36. The above paragraphs are incorporated by reference.

37. The Officers committed the common law tort of assault and battery against the plaintiff.

38. As a direct and proximate result of this conduct, the plaintiff suffered the injuries as described above.

## COUNT 5

### False Imprisonment Against the Officers

39. The above paragraphs are incorporated by reference.

40. The Officers committed the common law tort of false imprisonment by physically arresting plaintiff without probable cause.

41. As a direct and proximate result of this conduct, the plaintiff suffered the injuries as described above.

## COUNT 6

### Negligence Against the City of Boston

The above paragraphs are incorporated by reference.

42. On August 1, 2018, a notice pursuant to M.G.L. c.258, §4 was forwarded to the Mayor of the City of Boston.

43. Plaintiff properly performed the conditions precedent to filing an action under M.G.L. c. 258.

44. The City of Boston failed to make a settlement offer in response to plaintiff's demand.

45. The Officers were acting within the scope of their employment at all times alleged in this complaint.

46. Employees of the City of Boston were negligent in:
    a) Using unreasonable force during the arrest of Mr. Firman by violently forcing him to the ground;
    b) putting their entire weight onto the neck of Mr. Firmin causing him serious injury;
    c) failing to properly train the Officers in, the use of force, and probable cause for arrests; and,
    d) failing to properly supervise the Officers.

48. As a proximate cause of the City's negligence, the plaintiff suffered damages as described above.

**WHEREFORE,** the plaintiff requests that this court:

1. Award compensatory damages;
2. Award punitive damages against the Officers.
3. Award the costs of this action, including reasonable attorney's fees; and
4. Award such other and further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all such triable issues.

Dated: February 10, 2021

                    Respectfully Submitted,

                    On Behalf of the Plaintiff,
                    Gregory Firmin,

                    By his attorneys,

                    _____
                    /s/ Paul M. Glickman FP373593
                    BBO#550840
                    GLICKMAN LLC
                    One South Market Bldg., 4th Floor
                    Boston, MA 02109
                    (617) 399-7770
                    pmg@glickmanllc.com

## **CERTIFICATE OF SERVICE**

I, Paul M. Glickman here certify that on February 10, 2021, I served the Third Amended Complaint in this case via CM-ECF on counsel of record.

/s/ Paul M. Glickman

_____

Glickman LLC
One South Market Building, 4th Floor
Boston, MA 02109
(617) 399-7770
(617) 378-1457 (cell)